+UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LYNVAL REECE,

                        Petitioner,                       10 Civ. 9466 (RPP)

                    - against -                  **OPINION AND ORDER**

UNITED STATES OF AMERICA

                    Respondent.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       On December 14, 2010, Petitioner Lynval Reece ("Petitioner"), *pro se,* filed a petition pursuant to 28 U.S.C. § 2255 to vacate his conviction for conspiracy to distribute at least 20 but less than 40 kilograms of marijuana. Petitioner seeks to vacate his conviction due to ineffective assistance of counsel. The government responded to the *pro se* petition by a Memorandum of Law in Opposition dated January 19, 2011. Mr. Reece's petition is denied without a hearing for the reasons stated below.

## I. BACKGROUND

       On December 14, 2010, Lynval Reece filed a petition pursuant to 28 U.S.C. § 2255 seeking to vacate his January 8, 2009 conviction for conspiracy to distribute and possess with intent to distribute at least 20 kilograms but less than 40 kilograms of marijuana because his counsel failed to advise him that he could be deported if he pled guilty. January 8, 2009 was not the first time petitioner entered a plea of guilty in this case. On November 24, 2008, Petitioner entered a plea of guilty to conspiracy to distribute and possess with intent to distribute at least 50 kilograms of marijuana pursuant to a plea agreement with the Government dated November 19,

2008. During that plea allocution, the Court raised the subject of the Petitioner's immigration status and the likely immigration consequences of his guilty plea in Petitioner's presence:

> THE COURT: …will the defendant's conviction on any count here affect his immigration status with the United States?
> MR. WIBLE: It likely will, Your Honor. The understanding is that he is a citizen of Jamaica.
> THE COURT: Do you understand that it's likely, if you plead guilty to this charge, you may be deported from the United States, Mr. Reece.
> THE DEFENDANT: Yes, your Honor.

(Plea Allocution on November 24, 2008, Tr. at 4.)

Thereafter, on December 30, 2008, the Court received an undated letter from Petitioner, in which he stated that his lawyer, Avram Robin, Esq., "had never defended me from day one," and that "the prosecution and my lawyer have been threatening me about deportation." (Petitioner's Letter to Court received December 30, 2008, copy attached.) The Court ordered an immediate conference, which was held on January 6, 2009. During the conference, Petitioner admitted that he had purchased pounds of marijuana four times from codefendant Meade. (Conference on January 6, 2009, Tr. at 7.) With respect to his claims of threats of deportation by the prosecutor and Petitioner's counsel, the Court asked Petitioner:

> THE COURT: How about your statements in here about the threats that were made to you by the prosecutor, about the prosecutor threatening you with deportation?
> THE DEFENDANT: Well, I would say what my lawyer come to me with, sir, coming from the prosecutor, but my lawyer speak to me directly, sir.
> THE COURT: Did you understand that any drug offense can affect your deportation from this country?
> THE DEFENDANT: Yes, your Honor.
> THE COURT: Did you understand that at the time?
> THE DEFENDANT: Yes, your honor.

(Id. at 14-15.)

Petitioner further stated:

>THE DEFENDANT: …each time my lawyer comes to me the deportation was like, you know, he was always talking about the deportation, sir, and he knew that I have problem in Jamaica so I would be scared to go back there.
>THE COURT: Why is that a threat? You knew you were going to be deported anyway, right?
>THE DEFENDANT: Yes, your Honor.

(Id. at 15.)

After this discussion, the Court proposed to appoint new counsel for Petitioner because he claimed to have pled to the wrong amount of marijuana (id. at 17), but when he indicated that he wanted Mr. Robin to continue (id., at 19), the Court appointed CJA attorney Don Buchwald, Esq., as an additional counsel. (Id. at 21.) After a recess during which Mr. Buchwald conferred separately with Petitioner, Mr. Buchwald told the Court that Petitioner would like to replead to a lesser charge and verbally rescind his letter based on a better understanding. (Id. at 22.) A second plea allocution was scheduled for January 8, 2009.

On January 8, 2009, the second plea allocution was held, during which Petitioner was allowed to withdraw his previous plea, and enter a new plea of guilty to the lesser charge of conspiracy to distribute and possess with intent to distribute at least 20 kilograms but less than 40 kilograms of marijuana, pursuant to a new plea agreement with the Government dated January 6, 2009. During the allocution, the Court asked Petitioner:

>THE COURT: Does this letter contain your plea agreement with the United States?
>THE DEFENDANT: Yes, your Honor…
>THE COURT: After you read this letter addressed to Mr. Robin and Mr. Buchwald, did they answer all your questions satisfactorily about the letter?
>THE DEFENDANT: Yes, your Honor.

(Plea Allocution on January 8, 2009, Tr. at 5.)

The plea agreement signed by Petitioner at the allocution contained the following waiver:

> The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea and regardless of any advice the defendant has received from his counsel or others regarding those consequences. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on the immigration consequences of his guilty plea, conviction and sentence.

(Plea Agreement dated January 6, 2009, Tr. at 6.)

On April 27, 2009, Petitioner was sentenced to 33 months imprisonment followed by three years' supervised release. On April 30, 2009, Petitioner timely filed a notice of appeal. Mr. Robin filed a brief and withdrew as counsel under Anders v. California, 386 U.S. 738 (1967), the Government moved for summary affirmance, and the Court of Appeals granted both motions in a mandate dated December 15, 2010.

While Petitioner's case was pending on appeal, the Supreme Court decided Padilla v. U.S., 130 S.Ct. 1473 (2010), in which it held that failure to advise a defendant of the immigration consequences of a guilty plea constituted ineffective assistance of counsel. On December 14, 2010, Petitioner filed a habeas petition *pro se* to vacate his conviction for ineffective assistance of counsel under 28 U.S.C. § 2255, claiming that his counsel Mr. Robin did not advise him of the immigration consequences of his plea, which constituted ineffective assistance under Padilla.

## II. DISCUSSION

Petitioner argues in his § 2255 motion that his conviction should be vacated for ineffective assistance of counsel. For the reasons that follow, the Petition is denied without a hearing.

A.   Section 2255 Standard of Review

A petitioner in custody pursuant to a federal court judgment "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States… or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall… grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

B.  The Record Conclusively Shows that Petitioner is Entitled to No Relief

Petitioner alleges that his conviction should be vacated for ineffective assistance of counsel because his counsel, Mr. Robin, told him that he would not be deported due to his status as a legal permanent resident since 1989. (Complaint at 2.) Petitioner's allegation is clearly contradicted by the record. Petitioner told the Court three times that he was aware that he would likely be deported, (*See* Plea Allocution on November 24, 2008 at 4, Conference on January 8, 2009, Tr. at 14-15.), and additionally told the court that Mr. Robin was "always talking to him about deportation." (Conference on January 6, 2009, Tr. at 15.) The record at no point supports Petitioner's allegation in the complaint that Mr. Robin told him he would not be deported; instead, the record demonstrates that Petitioner was clearly aware of the immigration consequences of his plea agreement.

The motion and record of prior proceedings clearly demonstrate that Petitioner is not entitled to relief. In determining whether to hold a § 2255 hearing, "a district Court need not assume the credibility of factual assertions… where the assertions are contradicted by the record in the underlying proceeding." Puglisi v. U.S., 586 F.3d 209, 214 (2d Cir. 2009). Further, Rule 4(b) of the Rules Governing § 2255 Proceedings provides that "if it plainly appears from the

motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proceedings, Rule 4, 28 U.S.C. foll. § 2255. Because the record demonstrates no entitlement to relief, the Petition is denied without a hearing.

C.  Petitioner Validly Waived his Right to Collaterally Attack His Conviction Based on the Immigration Consequences of his Plea

Petitioner's waiver of his right to collaterally attack his conviction for the immigration consequences of his plea is valid, and accordingly the Petition must be dismissed. "Plea agreements involve a waiver of constitutional and statutory rights," U.S. v. Granik, 386 F.3d 404, 413 (2d Cir. 2004), and may validly include waivers of collateral attacks. Brady v. U.S., 397 U.S. 742, 747 (1970); Garcia-Santos v. U.S., 273 F.3d 506, 508 (2d Cir. 2001). "When the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack." U.S. v. Broce, 488 U.S. 563, 569 (1989); *see also* Parisi v. U.S., 529 F.3d 134, 138 (2d Cir. 2008).

Petitioner waived his right to collaterally attack his conviction based on the immigration consequences of his plea in the plea agreement. (Plea Agreement dated January 6, 2009, Tr. at 6.) The record demonstrates that Petitioner's plea agreement was made knowingly and voluntarily (Plea Allocution on January 8, 2009, Tr. at 15), and that Petitioner had read the agreement and was satisfied with his attorneys' explanations. (Id. at 5.) It is true that Petitioner's plea was entered before Padilla was decided, but "inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal

waiver." U.S. v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005); *see also* Brady, 397 U.S. at 757. Therefore, Petitioner's waiver of his right to collaterally attack his conviction based on its immigration consequences is valid, and Petitioner's motion is dismissed.

### III. CONCLUSION

For the reasons discussed herein, Mr. Reece's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied without a hearing and this case is closed.

IT IS SO ORDERED

Dated: New York, New York
February 18, 2011

_____
Robert P. Patterson, Jr.
U.S.D.J.

Copies of this order were sent to:

Mr. Lynval Reece, Petitioner *Pro Se*
Essex County Corr. Fac.
354 Doremus Avenue
Newark, N.J. 07105
(by mail)

Brent S. Wible
Michael M. Rosensaft
United States Attorney's Office
One St. Andrews Plaza
New York, NY 10007
(by fax)